[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 24, 2011
JOHN LEY
CLERK

_____

No. 09-15708

_____

D. C. Docket No. 08-00013-CV-5


FREDRICK ALLEN ELLIS,

                                                            Plaintiff-Appellee,

versus

PIERCE COUNTY, GA,

                                                            Defendant,

SHERIFF RICHARD KING,
CPL. VANIECE HARRIS,
JOE EADDY, Jailer,

                                                            Defendants-Appellants.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 24, 2011)

Before EDMONDSON, MARTIN and COX, Circuit Judges.

PER CURIAM:

Defendants -- Richard King, Vaniece Harris, and Joe Eaddy (collectively, "Defendants") -- appeal the District Court's order denying them a summary judgment grounded on qualified immunity in this section 1983 suit filed by Fredrick Allen Ellis ("Plaintiff"). Plaintiff was a pretrial detainee and complains of the conditions of his confinement. Because we conclude that Defendants are entitled to immunity, we reverse the District Court's decision.

I. Background

Plaintiff was a pretrial detainee incarcerated at the Pierce County Jail in Georgia for about fifteen months. After his detention at the jail ended, Plaintiff filed this section 1983 suit. He claims that he was subjected to unconstitutional conditions during his incarceration. Plaintiff specifically alleged these things: he had to wait up to two weeks for a shower "several times"; he was denied toilet paper when he ran out; he had to sleep on a mat on the floor; his prison cell lacked hot water; and he was denied "normal entertainment."[*]

---

[*]Plaintiff also alleged that Defendants denied him his prescription medication, did not properly train their staff, were indifferent to Plaintiff's medical needs, and placed him in a cell in which

2

After taking Plaintiff's deposition, Defendants moved for summary judgment; Defendants argued that they had not violated Plaintiff's constitutional rights and that, even if they had, they were entitled to qualified immunity because Plaintiff's rights were not clearly established at the time of Defendants' conduct. The Magistrate Judge issued a Report and Recommendation advising the District Court that Defendants had violated Plaintiff's constitutional rights and were not entitled to qualified immunity. The District Court adopted this Report and Recommendation in its entirety. Defendants then filed this interlocutory appeal.

## II. Discussion

We review de novo the District Court's denial of Defendants' motion for summary judgment. Burnette v. Taylor, 533 F.3d 1325, 1330 (11th Cir. 2008). We accept Plaintiff's version of the facts, drawing all justifiable inferences in Plaintiff's favor. Id.

When a defendant raises the defense of qualified immunity, the plaintiff bears the burden of showing both that the defendant's conduct amounted to a

---

he was assaulted by other inmates. The District Court granted summary judgment for Defendants on these claims, and Plaintiff has not appealed that decision; we thus do not address these allegations.

constitutional violation and that the right violated was already "clearly established" -- in the circumstances -- at the time of the defendant's conduct. Youmans v. Gagnon, 626 F.3d 557, 562 (11th Cir. 2010).

In the specific context of a pretrial detainee's challenge to the conditions of his confinement, we look to the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's Cruel and Unusual Punishment Clause -- the Eighth Amendment governs the rights of convicted prisoners -- to determine whether the plaintiff's rights were violated. Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005). But this distinction makes no practical difference because cases involving convicted prisoners and decided under the Eighth Amendment apply equally to cases involving pretrial detainees. Id.

A plaintiff seeking to show unconstitutional conditions of confinement must clear a "high bar" by demonstrating "extreme deprivations." Chandler v. Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004) (internal quotation marks and citation omitted). "[T]he Constitution does not mandate comfortable prisons. If prison conditions are merely restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 1289 (internal quotation marks and citation omitted). We will recognize a constitutional violation "only when [prison conditions] 'involve the wanton and unnecessary infliction of

4

pain.'" Id. (quoting Rhodes v. Chapman, 101 S. Ct. 2392, 2399 (1981)).

A pretrial detainee in a conditions-of-confinement suit must satisfy both an objective and a subjective inquiry into the conduct of the defendant prison officials. Under the objective component, the detainee must prove that the conditions are sufficiently serious to violate the Eighth Amendment: that is, he must show that "'extreme'" conditions created an unreasonable risk -- one that society chooses not to tolerate -- of "'serious damage to [the detainee's] future health' or safety." Id. (quoting Hudson v. McMillian, 112 S. Ct. 995, 1000 (1992); Helling v. McKinney, 113 S. Ct. 2475, 2481 (1993)).

Under the subjective component, the detainee must show that the defendants "acted with a sufficiently culpable state of mind." Hudson, 112 S. Ct. at 1006. Culpability requires deliberate indifference, which has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

We conclude that Plaintiff has made no showing that the conditions of his confinement clearly violated the Constitution, and so Defendants are protected from suit by qualified immunity. The conditions that Plaintiff has shown, while unpleasant, did not clearly create "an unreasonable risk of serious damage to

5

[Plaintiff's] future health." Helling, 113 S. Ct. at 2481.

For example, Plaintiff alleges that he was "denied access to showers for up to fourteen days at a time." But in his deposition Plaintiff admitted that these two-week periods between showers only occurred "several times" over the course of his fifteen-month detention. He usually had to wait only three to four days for a shower. The delays that Plaintiff has presented do not amount to a "wanton and unnecessary infliction of pain." Rhodes, 101 S. Ct. at 2399.

In a similar way, Plaintiff alleges that he was "denied toilet paper when out," but he has not shown how frequently he was denied toilet paper or how long the denial or denials lasted. We do not know, nor need we today decide, whether a denial of toilet paper could at some point rise to the level of a constitutional violation. It is enough to say that, while we draw all "justifiable inferences" in Plaintiff's favor, Burnette, 533 F.3d at 1330, we cannot simply assume that the denials of toilet paper here were sufficiently lengthy or frequent to amount to a constitutional violation. Plaintiff has failed to satisfy his burden of showing that Defendants violated his already clearly established rights.

Plaintiff also says that he had to sleep on a mat on the floor of his cell. But being required to sleep on a mat is "not necessarily a constitutional violation," Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985); and Plaintiff has

6

failed to show that in his case the sleeping conditions clearly created a serious risk to his health.

Plaintiff finally says that he did not have hot water in his cell -- although he did have running water -- and that he was denied "normal entertainment," for example, no television, limited access to a telephone, and limited social time with other inmates (a condition apparently connected to the fact that some of Plaintiff's fellow inmates were aware that he was a former undercover narcotics agent). These circumstances fall far short of the sort of "extreme deprivations" that are required to amount to clearly established unconstitutional conditions of confinement. Chandler, 379 F.3d at 1298.

We therefore conclude that none of the conditions Plaintiff complains of clearly violated, at the pertinent time, the Constitution; and so Defendants are immune from Plaintiff's suit.


REVERSED and REMANDED.